*E-FILED 1/3/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE S. BRIBIESCA, | Case No. C05-03040 HRL |
| Plaintiff, | **ORDER ON CLAIM FOR FEES AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **[Re: Docket No. 22]** |
| Defendant. | |

Plaintiff Jose Bribiesca challenged the Social Security Administration's denial of benefits. On the parties' cross-motions for summary judgment, this court remanded the matter to the Commissioner for further proceedings. Plaintiff now moves for his attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). He further requests that the fees be made payable to his attorney as the payee. There is no dispute here as to the amount and proffered justification of plaintiff's claimed fees. Defendant[1] objects to the request only insofar as plaintiff seeks to have the fees paid to his attorney.

The parties have had an opportunity to brief the issue. Plaintiff did not file a reply. This court now deems the matter submitted on the papers without oral argument. Having considered the papers filed by the parties, and for the reasons stated below, the requested fees shall be made

---

[1] Pursuant to Fed.R.Civ.P. 25(d), Michael J. Astrue is substituted for his predecessor, Jo Anne Barnhart, as the Commissioner of Social Security.

payable directly to plaintiff. Nevertheless, the payment may be delivered to plaintiff's counsel's custody.

The EAJA directs courts to award fees and other expenses to private parties who prevail in litigation against the United States, unless the government's position was substantially justified:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As noted above, the only issue before the court is whether the fee award should be paid to plaintiff or to his attorney.[2]

"The term 'prevailing party,' as found in EAJA and other fee-shifting statutes, is to be interpreted consistently." *McCarty v. Astrue*, 505 F. Supp.2d 624, 629 (N.D. Cal. 2007) (citing *McQuiston v. Marsh*, 790 F.2d 798, 800 (9th Cir. 1986)). This court is persuaded that, under the plain language of the EAJA and statutory interpretation by other courts, the award of attorney's fees is to be paid to plaintiff as the "prevailing party," and not to his attorney.[3] *See, e.g., Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-11 (11th Cir. 1988) (concluding

---

[2] Defendant's papers indicate that the parties have discussed other issues, including whether any EAJA award might, hypothetically, be offset for any debts under the Debt Collection Act of 1996, 31 U.S.C. § 3716 and whether it properly may be taxed as income to plaintiff. However, it is not apparent that there is a live dispute as these issues, which were raised tangentially by defendant here. Moreover, there is nothing presently before this court to indicate what debts plaintiff has, much less whether and how they might be subject to the Debt Collection Act. Accordingly, the court does not reach these other issues.

[3] Courts have recognized that fee awards under the EAJA are distinct from those awarded under 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that fee awards may be made under both statutes, but the claimant's attorney must refund to the claimant the smaller amount); *see also Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991) (noting that "an award of fees under both statutes does not amount to double recovery for the attorney" because the award under § 406(b) allows fees to be collected from the claimant's past-due disability benefits, whereas an EAJA award is paid by the government to the claimant to defray the cost of legal services), abrogated on other grounds by *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001).

that the EAJA "clearly manifests Congress' intent that the prevailing party's lawyer is not considered to be an applicant under the EAJA"); *FDL Technologies, Inc. v. United States*, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (acknowledging that an attorney cannot claim or be entitled to a fee award under EAJA section 2412(d)(1)(A)); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1582 (Fed. Cir. 1991) ("As the [EAJA] requires, any fee award is made to the 'prevailing party,' not the attorney."); *McCarty*, 505 F. Supp.2d at 629 (holding that an award of attorney's fees under the EAJA belongs directly to the plaintiff as the "prevailing party"). The Supreme Court and the Ninth Circuit have also interpreted other fee-shifting statutes to mean that an award of attorney's fees are to be paid directly to the "prevailing party" and not the party's attorney. *See, e.g.,Evans v. Jeff D.*, 475 U.S. 717, 731-32 (1986) (concluding that 42 U.S.C. § 1988 bestows fee awards upon the prevailing party, not attorneys); *Pony v. County of Los Angeles*, 433 F.3d 1138, 1146 (9th Cir. 2006) (reaffirming that "the right to seek attorney's fees under 42 U.S.C. § 1988 belongs to clients, not to attorneys"); *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999) (concluding that a fee award under 42 U.S.C. § 1988 is to be made directly to the prevailing party, with the ultimate disposition of the award to be determined by contract between the lawyer and client) (citing *Evans*, 475 U.S. at 731-32)).

In the instant case, there is no indication that there has been a valid assignment or that payment properly may be made to plaintiff's counsel as the payee. At any rate, defendant has cited authority indicating that no valid assignment can be made until after the fees are awarded and a warrant[4] for payment is issued. *See* 31 U.S.C. § 3727(b) ("An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued"); *Bentley v. Glickman*, 234 B.R. 12, 20 (N.D.N.Y. 1999) (assuming there was a valid EAJA claim against the government, "such a claim could only have been assigned to the Plaintiff after satisfaction of the requirements laid out in § 3727.").

Based on the foregoing, the award of attorney's fees shall be paid to plaintiff, and not to his attorney. Accordingly, the Commissioner is ordered to pay $3245.98 to plaintiff Jose

---

[4] Defendant advises that the Department of Treasury interprets a warrant for payment to be a payment voucher, which is prepared after an award is made. *See* Defendant's Opp. at 6 n.4.

3

Bribiesca. However, there being no objection by defendant, he may deliver the payment to the custody of plaintiff's counsel.

Dated: January 2, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-3040 Notice has been electronically mailed to:**

James Hunt Miller jim_miller0@yahoo.com

Mary Patricia Parnow mary.parnow@ssa.gov

Angelina Valle angelina@valle-law.com, ralph@valle-law.com

Sara Winslow sara.winslow@usdoj.gov, kathy.terry@usdoj.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.